1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    COTTRELL BROADNAX,                    **1:22-cv-01223-JLT-GSA-PC**

12                                          **FINDINGS AND RECOMMENDATIONS,**
                  Plaintiff,                **RECOMMENDING THAT THIS CASE BE**
13                                          **DISMISSED WITHOUT PREJUDICE FOR**
          vs.                               **FAILURE TO COMPLY WITH THE**
14                                          **COURT'S ORDER**
      FERNANDEZ, et al.,
15                                          **(ECF No. 24.)**
                  Defendants.
16                                          **OBJECTIONS, IF ANY, DUE IN 14 DAYS**

17

18

19

20

21

22        Cottrell Broadnax ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights

23   action pursuant to 42 U.S.C. § 1983.  On July 28, 2022, Plaintiff filed the Complaint commencing

24   this action.  (ECF No. 1.)  On November 21, 2022, the court issued an order denying Plaintiff's

25   motions to proceed *in forma pauperis* due to a balance of $945.66 in his prison trust account,

26   thus requiring Plaintiff to pay the $402.00 filing fee for this action in full within thirty days.

27   (ECF No. 24.)  The thirty-day time period has now expired and Plaintiff has not paid the filing

28   fee or otherwise responded to the court's order.

1    In determining whether to dismiss this action for failure to comply with the directives set

2    forth in its order, "the Court must weigh the following factors:  (1) the public's interest in

3    expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

4    prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

5    public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639,

6    642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (failure

7    to comply with court orders).  see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to

8    prosecute).

9    "'The public's interest in expeditious resolution of litigation always favors dismissal,'"

10   id.  (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the

11   action has been pending since July 28, 2022.  Plaintiff's failure to respond to the court's order

12   may reflect Plaintiff's disinterest in prosecuting this case or his inability to pay the filing fee.  In

13   such an instance, the court cannot continue to expend its scarce resources assisting a litigant who

14   will not or cannot resolve payment of the filing fee for his lawsuit.  Thus, both the first and second

15   factors weigh in favor of dismissal.

16   Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in

17   and of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently

18   increases the risk that witnesses' memories will fade and evidence will become stale," id., and it

19   is Plaintiff's failure to pay the filing fee for this action that is causing delay.  Therefore, the third

20   factor weighs in favor of dismissal.

21   As for the availability of lesser sanctions, at this stage in the proceedings there is little

22   available to the court which would constitute a satisfactory lesser sanction while protecting the

23   court from further unnecessary expenditure of its scarce resources.  Monetary sanctions in this

24   circumstance are of little use, and given the early stage of these proceedings, the preclusion of

25   evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in

26   this case is without prejudice, the court is stopping short of issuing the harshest possible sanction

27   of dismissal with prejudice.

28

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

Accordingly, the court **HEREBY RECOMMENDS** that this action be dismissed without prejudice based on Plaintiff's failure to obey the court's order of November 21, 2022.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 22, 2023**                              **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE